UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
          :
AKILAH SMITH,          :
          :
              Plaintiff,          :        12 Civ. 3250 (JMF)
          :
       -v-          :        MEMORANDUM OPINION
          :            AND ORDER
CITY OF NEW YORK,          :
          :
              Defendant.          :
          :
------------------------------------------------------------------------ X

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #:_____ / DATE FILED: 5/8/2013]

JESSE M. FURMAN, United States District Judge:

    *Pro se* Plaintiff Akilah Smith, a woman of Jamaican origin, sues her former employer, the New York City Department of Education ("DOE"), alleging discrimination on the basis of national origin, wrongful termination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* Defendant has moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Smith has failed to state a claim of discrimination upon which relief can be granted. For the reasons discussed below, Defendant's motion to dismiss is granted, and Smith's Complaint is dismissed.

## BACKGROUND

    On a motion to dismiss, a court may consider facts stated in the complaint, any documents attached to the complaint, and any documents incorporated by reference into the complaint. *See, e.g.*, *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Accordingly, the following facts are taken from the Complaint and from documents attached to and referenced therein, and are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

Smith, who is of Jamaican origin, began working for the DOE as a probationary teacher at Mott Hall in the Bronx, New York, in August 2010. (SDHR Compl. ¶¶ 1-2). According to the Complaint, on December 20, 2010, an African-American student pushed her in the back while she was attempting to keep order in an unruly class. (*Id.* ¶ 3). The student then told the Principal-In-Training at Mott Hall, who is Hispanic, that Smith had struck her — an allegation that Smith denies. (*Id.*). On December 21, 2010, the student and her parent came to the school and once again the student asserted that Smith had hit her on the previous day. (*Id.* ¶ 4). Smith then spoke with the school's principal, Dr. Patrick Awosogba, about the student's complaint. (*Id.* ¶ 5). Dr. Awosogba, who is African, told Smith that there was nothing to worry about and that at most, a letter describing the incident might be placed in Smith's file. (*Id.*).

On December 23, 2010, Smith received a letter stating that after an investigation, she had been found responsible for the December 20th incident. (*Id.* ¶ 6). Believing that the letter was an incident report, Smith signed it. (*Id.*). According to the Complaint, Smith later learned that Dr. Awosogba had questioned only the students who "attacked" her and not the other students in the class. (*Id.* ¶ 7).

Smith alleges that since December 23, 2010, she has been "consistently harassed" by Dr. Awosogba. (*Id.* ¶ 8). Smith claims that Dr. Awosogba has deliberately given her poor evaluations, despite the fact that her students scored higher than average on performance tests. (*Id.*). Specifically, Smith claims that on May 23, 2011, Dr. Awosogba gave her a poor evaluation on an informal observation report in order to "build a pretext to terminate [her]." (*Id.* ¶ 9). Plaintiff claims that she was one of only two West Indians employed at Mott Hall, and that Dr. Awosogba "[took] the side of the African American students that attacked [her], despite the fact that these students are known to have disciplinary problems." (*Id.* ¶ 10). In the verified

2

complaint that she filed with the New York State Division of Human Rights on June 13, 2011, which is attached to the Complaint Smith filed in this Court, Smith alleges that Dr. Awosogba harassed her and "is attempting to terminate [her] because [she is] West Indian (Jamaican)." (*Id.* ¶ 10). Although Smith indicated in her Complaint that she was terminated from her employment and suffered retaliation (Compl. II(A)), she does not state on what date she was terminated. In her Opposition to Defendant's Motion to Dismiss, Plaintiff also alleges that "Principal Awosogba on several occasions berated me and specifically cited my national origin as a reason for his improper practices towards me." (Pl.'s Opp'n Mot. Dismiss 3).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on June 13, 2011, and received a right to sue letter on January 25, 2012. (Compl. III(A)-(B)). Plaintiff commenced this action on April 23, 2012.[1] On September 17, 2012, Defendant filed a motion to dismiss the Complaint under Rule 12(b) of the Federal Rules of Civil Procedure. (Docket No. 11). By Order dated September 19, 2012, the Court granted Plaintiff leave to file any amended complaint, or any opposition to the motion to dismiss, no later than October 29, 2012. (Docket No. 14). On November 5, 2012 — after that deadline — Plaintiff filed an amended complaint, which appeared only to replace Defendant City of New York with the previously terminated defendant New York City Department of Education, and to omit the factual allegations contained in the original Complaint. (Docket No. 15). Because of the

---

[1] Plaintiff completed a complaint form, which the Clerk for this Court provides to *pro se* plaintiffs in civil rights actions. (*See* Compl.). The form contains check-boxes and blanks, which allow plaintiffs to allege the adverse actions they suffered and the discriminatory bases for those adverse actions. (*See id.*). The form also provides space for plaintiffs to describe the facts of their case. Plaintiff also attached to her Complaint the June 13, 2011 verified complaint that she filed with the New York State Division of Human Rights (the "SDHR Complaint" or "SDHR Compl."). (*See* Compl. 6-8).

obvious deficiencies in Plaintiff's amended complaint, the Court stuck the amended complaint. Plaintiff filed her opposition to Defendant's motion on December 20, 2012. (Docket No. 16).

## DISCUSSION

Plaintiff claims that Defendant discriminated against her on the basis of her national origin, wrongfully terminated her, harassed her, and retaliated against her, all in violation of Title VII. As noted above, Defendant moves to dismiss the Complaint for failure to state a claim. Specifically, Defendant argues that Plaintiff has not pleaded any facts that suggest that a causal connection exists between her Jamaican origin and her termination, or any other alleged adverse action, including harassment or retaliation. (Def.'s Mem. Law Supp. Mot. Dismiss 2).

### A. Rule 12(b)(6) Standards

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive a Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, if the plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

*Twombly* and *Iqbal* notwithstanding, the Supreme Court has held that, to survive a motion to dismiss, "'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).'" *Id.* at 569 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002) (alterations in original)).[2]  Nevertheless, the elements of a *prima facie* case "provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible." *Sommersett v. City of New York*, No. 09 Civ. 5916 (LTS) (KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011).  Accordingly, "courts consider these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of Plaintiff's claim and the grounds on which it rests." *Murphy v. Suffolk County Cmty. Coll.*, 10-CV-0251 (LDW) (AKT), 2011 WL 5976082, at *5 (E.D.N.Y. Nov. 29, 2011).

Even under the heightened pleading standards set by *Iqbal* and *Twombly*, a court is "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, when considering *pro se* submissions, the Court should interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  Notwithstanding the Court's

---

[2] Whether *Swierkiewicz* remains good law in light of *Twombly* and *Iqbal* is "somewhat of an open question" in this Circuit. *Hedges v. Town of Madison*, 456 F. App'x. 22, 23 (2d Cir. 2012).  Although the Supreme Court expressly reaffirmed the decision in *Twombly*, *see* 550 U.S. at 569-70, the Second Circuit has questioned its continuing vitality in several unpublished opinions. *See Hedges*, 456 F. App'x. at 23; *Schwab v. Smalls*, 435 F. App'x. 37, 39-40 (2d Cir. 2011); *Jackson v. Cnty. of Rockland*, 450 F. App'x. 15, 19 (2d Cir. 2011).  The Court of Appeals has not resolved the question, however, suggesting only "that, at a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*, even if pleading a prima facie case is not required." *Hedges*, 456 F. App'x. at 23.

obligation, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Bodley v. Clark*, No. 11 Civ. 8955 (KBF), 2012 WL 3042175, at *2 (S.D.N.Y. July 23, 2012); *see also, e.g.*, *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) ("[P]*ro se* complaints must contain sufficient factual allegations to meet the plausibility standard.").

## B. Harassment and Termination

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Claims of employment discrimination brought pursuant to Title VII are analyzed under the burden-shifting approach set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this framework, a plaintiff must first establish a *prima facie* case of discrimination." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). To plead a plausible claim of Title VII discrimination, a plaintiff must allege that (1) she is a member of a protected class; (2) she was performing her duties satisfactorily; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination. *See id.* at 491-92.

Here, Defendant does not dispute that Plaintiff has adequately alleged Plaintiff's membership in a protected class based on national origin and that she suffered an adverse employment action when Defendant terminated her. Instead, Defendant argues that there is nothing in the Complaint that would create the inference that the adverse employment action was taken against Plaintiff because of her race or national origin, giving rise to the inference of discrimination. The Court agrees.

In particular, Plaintiff's Complaint neither alleges that she was subject to an adverse employment action due to her national origin nor sets forth factual circumstances from which a national origin-based motivation for such an action might be inferred. It does not, for instance, allege that any other employees were given preferential treatment when compared to Plaintiff. *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (dismissing Title VII claims because plaintiff did not provide any factual support for claims of discriminatory animus, such as preferential treatment). Nor does it even provide the date or explain the circumstances under which she was terminated. Plaintiff alleges that she was "consistently harassed," was given poor evaluations, and that Dr. Awosogba "[took] the side of the African American students that attacked" her, but she alleges no facts even remotely suggesting that this treatment was due to her national origin. (SDHR Compl. ¶¶ 8-10).

In her opposition to Defendant's motion, Plaintiff does allege that "Principal Awosogba on several occasions berated me and specifically cited my national origin as a reason for his improper practices towards me." (Pl.'s Opp'n Mot. Dismiss 3). If Plaintiff had raised this allegation in her Complaint, the question of whether she had pleaded a plausible claim of employment discrimination would have been a closer call. But Plaintiff did not make this allegation until her opposition memorandum and, given the circumstances of this case, the Court will not consider it here. *See Jean-Laurent v. Wilkerson*, 461 Fed. App'x 18, 21-22 (2d Cir. 2012) (holding that the district court was not required to consider the factual allegations made in a *pro se* plaintiff's opposition to a motion to dismiss). Although courts are permitted to consider factual allegations made in a *pro se* plaintiff's memorandum opposing a motion to dismiss, *see, e.g.*, *Braxton v. Nichols*, No. 08 Civ. 8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar. 18, 2010), such procedural latitude is not warranted in this case.

Plaintiff had ample opportunity to present the factual allegations underlying her claims, first in her complaints before the New York State Division of Human Rights and Equal Employment Opportunity Commission, and again in her Complaint filed in this Court. Moreover, she was given an opportunity to amend her Complaint in response to Defendant's motion to dismiss (and expressly warned that she would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss").  (Docket No. 14). Under these circumstances, it would not be appropriate to consider Plaintiff's unsworn allegations in her opposition memorandum.  *See Shah v. Helen Hayes Hosp.*, 252 Fed. App'x 364, 366 (2d Cir. 2007) (explaining, in a *pro se* case, that "[a] party may not use his or her opposition to a dispositive motion as a means to amend the complaint" (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998))); *Serdarevic v. Centex Homes, LLC*, 760 F. Supp. 2d 322, 330 (S.D.N.Y. 2010) (same); *see also Salemo v. Murphy*, No. 11 Civ. 2525 (TPG), 2012 WL 4714765, at *2 (S.D.N.Y. Sept. 27, 2012) (explaining that the liberality granted to *pro se* litigants "typically does not extend so far as permitting a plaintiff to supplement the claims in his complaint with additional allegations in his motion papers").

**C.  Retaliation**

Title VII also prohibits employers from discriminating against an employee who "has opposed any . . . unlawful employment practice" or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."  42 U.S.C. § 2000e-3(a). Courts analyze claims of retaliation under Title VII according to the *McDonnell Douglas* burden-shifting framework as well.  *See, e.g., Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013).  To make out a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate that "(1) she was engaged in protected activity; (2) the employer was aware of that

activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012).

Here, although Plaintiff checked off the box on the form complaint provided by the Clerk of Court indicating that she suffered retaliation (*see* Compl. II(A)), she provides absolutely no factual support for that claim.  She does not allege that she engaged in a protected activity, as she does not claim that she protested or opposed any incidents regarding her national origin.  Even if the Court assumes that she engaged in a protected activity when she filed complaints with the New York State Division of Human Rights and Equal Employment Opportunity Commission, she pleads no facts that establish a causal connection between her complaints and her termination.  Plaintiff has not alleged that Defendant or Dr. Awosogba were aware that she filed the complaints or that she was terminated because she filed them.  Indeed, the only factual allegations in the Complaint at all are those in the attached complaint she filed with the New York State Division of Human Rights — prior to the date of her termination and before she engaged in any protected activity.  Under these circumstances, her retaliation claim cannot survive.  *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (holding that an inference of retaliation does not rise where "gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity"); *Majeed v. ADF Cos.*, No. 11-CV-5459 (SJF) (ETB), 2013 WL 654416, at *11 (E.D.N.Y. Feb. 20, 2013) ("A complaint that makes only a general conclusory statement that the defendant retaliated against the plaintiff, and that fails to provide any factual detail describing the specific acts of retaliation, when it occurred and which employee of the defendant had knowledge of the plaintiff's protected activity or actually engaged in the claimed retaliation, is insufficient to withstand a motion to dismiss.").

Given the complete lack of factual allegations to support Plaintiff's retaliation claim, this claim is dismissed. *See Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343 (WK), 2003 WL 43367, at *3 (S.D.N.Y. Jan.6, 2003) (noting that to survive dismissal of a retaliation claim, a plaintiff must, "reference, at a minimum, the suit or grievance spawning the retaliation and the acts constituting retaliatory conduct," because "[a]bsent these allegations, a defendant would not know how to respond to the complaint" (internal quotation marks omitted)).

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED.[3]

The Clerk of Court is directed to terminate the motion (Docket No. 11), to close this case, and to mail a copy of this Memorandum Opinion and Order to the Plaintiff.

SO ORDERED.

Dated: May 8, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[3] Although Plaintiff attached the SDHR Complaint to her Complaint in this action, and it references the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297 (the "NYSHRL"), she makes no claims under the NYSHRL in this case. (SDHR Compl. 3). In any event, any claim under the NYSHRL would fail for the same reasons discussed above. *See, e.g.*, *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 702 F.3d 685, 701 (2d Cir. 2012) (explaining that claims under the NYSHRL are "analytically identical" to claims brought under Title VII).